O

```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          LAREDO DIVISION

ROBERTO ADAMS,                  §
                                §
         Plaintiff,             §
VS.                             §      CIVIL ACTION NO. L-08-165
                                §
CITY OF LAREDO, et al,          §
                                §
         Defendants.            §
```

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion to dismiss. (Docket No. 3.) Plaintiff Roberto Adams filed suit on December 22, 2008, alleging the excessive use of force during a traffic incident on January 15, 2007. (Docket No. 1.) Adams sues the City of Laredo, Mayor Raul G. Salinas, former Police Chief Agustin Dovalina, current Police Chief Carlos Maldonado, City Manager Carlos Villarreal, and four arresting police officers: Juan D. Rodriguez, Mario Bernal, Jacqueline Siegfried,[1] and Juan Cardenas. Id. at 1-2.

---

[1] Plaintiff's list of parties includes "Jacqueline Siegfried," but Plaintiff never mentions that name again. (Docket No. 1.) Instead, Plaintiff refers to Defendant "Jacqueline Gonzalez," a "peace officer," six times.

Defendant Jacqueline Siegfried, among others, answered. (Docket No. 4.) Defendants' Answer states that a Jacqueline Gonzalez initially observed Adams and called the police. Officer Siegfried responded to the scene. The Court assumes references to "Jacqueline Gonzalez" are clerical errors and Jacqueline Siegfried is the intended party, but this discrepancy must be clarified.

Factual Background

Adams alleges that on or about January 15, 2007, he was driving a vehicle when he went into diabetic shock and began to drive erratically.  Id. at 3.  Defendants Rodriguez, "Siegfried," Bernal, and Cardenas observed Adams and began chasing him in their vehicles.[2]  Id.  Adams alleges the officers believed he was intoxicated.  Id. at 4.  Once the officers stopped the vehicle, they broke the driver's side window, spraying class onto Adams, and pulled him out of the vehicle. Id.  They then threw Adams on the ground and allegedly began hitting and kicking him while he lay helpless in a non-adversarial position.  Id.

Adams further alleges that the City of Laredo Police Department, for which the officers worked, had policies and customs in place that led to the officers' behavior.  Id. at 5. Specifically, Adams alleges the Department tolerated misconduct by its peace officers leading to the encouragement of such behavior.  Id.

Finally, Adams alleges "Defendants" wrongfully charged Adams with evading and resisting arrest in an attempt to cover up their wrongdoing.  Id.

---

[2] Defendants' version claims that two lay witnesses, Jacqueline Gonzalez and April Magana, initially observed Adams's erratic behavior and called the police. (Docket No. 4, Answer ¶¶ 4-10.) The officers responded to their calls.  This distinction, however, is immaterial to the present motion.

### Plaintiff's Claims

Under the heading "Causes of Action," Plaintiff first makes claims against all defendants for "violations of constitutional rights" protected by the Fourth and Fourteenth Amendment, specifically the right to be free from the use of unreasonable and excessive force against him.  <u>Id.</u> at 6.  Plaintiff also claims that the City of Laredo was deliberately indifferent to his rights because of its failure to train, supervise, and "monitor" the individual defendants.  He adds that the City has a policy of "tolerating and inciting" the use of aggressive force and has failed to train its officers in the use of force and "recognition of medical events."

In a section titled "Jurisdiction," Plaintiff makes a one-sentence reference to claims arising under "Amendments 1, 4, 8 and 14 of the United States Constitution" and 42 U.S.C. § 1985. (Docket No. 1, at 3.)  Nothing else in the Complaint discusses those provisions.

### Discussion

Defendants move to dismiss pursuant 12(b)(6) of the Federal Rules of Civil Procedure.[3]  In reviewing a 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in

---

[3] Defendants also move to dismiss potential state-law claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), discussed *infra*.

the plaintiff's favor.  <u>Severance v. Patterson</u>, 566 F.3d 490, 501 (5th Cir. 2009).  To avoid dismissal, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.  <u>Id.</u>

<u>*Defendants Maldonado, Dovalina, Salinas, and Villarreal*</u>

Defendants Maldonado, Dovalina, Salinas, and Villarreal assert the defense of qualified immunity--a defense to individual-capacity liability.  Defendants argue that Plaintiff's pleaded facts fail to overcome such a defense.  Plaintiff responds by claiming he pled that (1) the City failed to train the named police officers, and (2) the "supervisory Defendants" also failed to train and failed to control the named officers' propensity for improper use of force.

Whether the City of Laredo failed to train is irrelevant to determining those individual defendants' liability.  Second, despite Plaintiff's contentions, he fails to plead any facts that the "supervisory Defendants" failed to train or control the officers.  In fact, Plaintiff fails to plead facts as to the above-named defendants *at all*.  To overcome the defense of qualified immunity, it is not enough to globally plead that all defendants did certain things.  This is especially true in the instant case.  For example, the City of Laredo has a city manager/city council form of government.  It is highly unlikely that the Mayor of the City would have any responsibility to

personally train or supervise policy officers. The same is probably true of the City Manager. In what manner either of these two persons "condoned" police violence must be explained. Defendant Maldonado did not become Chief of Police until June 16, 2008, and was not even a Laredo resident before then. It would be virtually impossible for him to be personally liable for whatever misfortune befell the Plaintiff in January 2007. Defendant could possibly establish a claim against former Chief Dovalina, but he should at least articulate the particular conduct of Dovalina which forms the basis of his complaint.

Further, official-capacity claims against these defendants are redundant and unnecessary. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985). Thus, suing Maldonado, Dovalina, Salinas, and Villarreal in their official capacities functions as a suit against the City of Laredo. However, the City of Laredo is already named a defendant and has answered the Complaint. In this circumstance, the official-capacity claims should be dismissed. See Thompson v. Connick, 553 F.3d 836, 869 (5th Cir. 2008).

*Claims under First and Eighth Amendments and 42 U.S.C. § 1985*

Defendants also move to dismiss claims brought under 42 U.S.C. § 1985, the First Amendment, and the Eighth Amendment. Plaintiff did not respond to this part of the motion. Plaintiff does not mention these provisions in his "Causes of Action" section. He alleges only a § 1983 excessive force claim. He pleads no facts to support a claim under the First or Eighth Amendments. Plaintiff also fails to plead the agreement necessary for "two or more persons . . . to conspire" as required by § 1985 claim, nor does he claim any race-based animus.

*State-law claims of assault and malicious prosecution.*

Defendants, in an admitted "abundance of caution," move to dismiss potential state-law claims for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), due to sovereign immunity. Plaintiff's Complaint lists no state claims for assault or malicious prosecution. While his facts might intimate such claims, their absence from Plaintiff's "Causes of Action," coupled with Plaintiff's failure to respond to this argument, leads to the conclusion that Plaintiff is not pursuing such claims. Thus, Defendants' sovereign immunity argument is moot.

*Fourteenth Amendment Claim*

Finally, in a section titled "Fourth Amendment," Defendants argue that Plaintiff failed to plead facts supporting a

"Fourteenth Amendment" claim. Curiously, Defendants seem to concede that Plaintiff has pled a claim invoking the Fourth Amendment. The Fourteenth Amendment only serves to make the Fourth Amendment applicable to the States through the Due Process clause. <u>Ker v. State of California</u>, 374 U.S. 23, 30, 83 S.Ct. 1623, 1628 (1963). The request to dismiss the Fourteenth Amendment is pointless and DENIED.

## Conclusion

For the forgoing reasons, it is now ORDERED that Plaintiff file an amended complaint no later than September 10, 2009, which will address the following concerns:

1. no individual defendant shall be sued in an official capacity, so long as the City of Laredo remains a named defendant;

2. no claim under the First or Eighth Amendments of the United States Constitution, nor any claim under 42 U.S.C. § 1985 shall be pled without specific facts explaining how any of those provisions are relevant;

3. if Defendant is actually intending to pursue state-law claims against any defendant, he must specifically identify the factual basis for the claim and which defendant is being charged with the violation;

4. the pleading must specify which particular "supervisory defendant" has violated Plaintiff's rights and how;

5. the confusion between Jacqueline Siegfried and Jacqueline Gonzalez must be clarified.

DONE at Laredo, TX, this 28th day of August, 2009.

_____
George P. Kazen
Senior United States District Judge